UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DLA PIPER US LLP,<br>The Marbury Building<br>6225 Smith Avenue<br>Baltimore, Maryland 21209-3600<br><br>Plaintiff,<br><br>v.<br><br>IBOM POWER CO. LTD.<br>67 Bennett Bassey Street (67 C line),<br>Ewet Housing Estate, Uyo,<br>Akwa Ibom State, Nigeria;<br><br>LYKE CORPORATION,<br>539 E. Villa Street #2,<br>Pasadena, California 91101<br><br>and<br><br>LYK ENGINEERING COMPANY LIMITED,<br>Plot 1610 Adelona Hopewell Street,<br>Victoria Island, Lagos, Nigeria<br><br>Defendants. | Civil Action No.<br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, through its counsel, for its complaint against defendants alleges as follows:

Nature of the Action

1. This is a diversity action by Plaintiff DLA Piper US LLP ("DLA Piper") against defendants for breach of contract for legal services rendered and expenditures incurred, for account stated and *quantum meruit*/unjust enrichment. As described more fully below, plaintiff DLA Piper was engaged to perform legal services and performed legal services in connection with defendant Ibom Power Co. Ltd.'s plans to develop a 685 MW power plant in Nigeria and to seek related financing and insurance with the U.S. Overseas Private Investment Corporation ("OPIC") in the District of Columbia. This action seeks recovery of legal fees and expenditures due Plaintiff DLA Piper in connection with its professional services rendered on the Ibom Power plant project.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332((a) 3). The amount in controversy, exclusive of interest and costs, is in excess of $75,000. The Court has personal jurisdiction over defendants pursuant to D.C. Code § 13-423(a)(1) and (3). Defendants have transacted and/or done business in the District of Columbia with Plaintiff.

3. Venue in this action properly lies in the United States District Court for the District of Columbia (the "District") pursuant to 28 U.S.C. §§ 1391(a)(2) and (c). A substantial part of the events giving rise to the claim occurred in the District. The

defendants have transacted business within the District including but not limited to participating in meetings with OPIC in Washington, D.C..

## THE PARTIES

4. Plaintiff DLA Piper US LLP ("DLA Piper") is an international law firm, which maintains its principal U.S. offices at The Marbury Building, 6225 Smith Avenue, Baltimore, Maryland 21209-3600. DLA Piper maintains offices in the District of Columbia and elsewhere.

5. Defendant Ibom Power Company Limited ("Ibom Power") is a company incorporated in the Federal Republic of Nigeria, and having its principal offices at 67 Bennett Bassey Street (67 C line), Ewet Housing Estate, Uyo, Akwa Ibom State, a state located in the south-east of Nigeria. Ibom Power was formed in 2001 as an independent power plant to enhance power generation in the southeast region of Nigeria and to provide power to the Nigerian National Grid. It is in the process of developing a 685 MW power plant with a reported planned startup in December 2007. Mr. Gareth Wilcox is Ibom Power's Managing Director and Chief Executive Officer.

6. Defendant LYKE Corporation ("LYKE") is a corporation incorporated in Nevada, and maintains its U.S. offices at 539 E. Villa Street #2, Pasadena, California 91101. LYKE is the U.S.-based company that owns all of the stock of its Nigerian subsidiary, defendant LYK Engineering Company Limited ("LEC"). Mr. Peter T. S. Lin

is LYKE's Chairman and Chief Executive Officer. Mr. Timothy F. Brick is the president of LYKE.

7. Defendant LYK Engineering Company Limited ("LEC"), a 100% owned subsidiary company of defendant LYKE, is a company incorporated in Nigeria. LEC has its principal offices at Plot 1610 Adelona Hopewell Street, Victoria Island, Lagos, Nigeria. LEC provides infrastructure development in West Africa, and is a developer of power and petrochemical plants in the region. At relevant times, Gareth Wilcox was the Managing Director of LEC, and Peter Lin was its Chairman. LEC was the operator of the joint venture agreement in the proposed Ibom Power plant project. LYKE and its Nigerian subsidiary LEC are referred to herein as the "LYK Defendants."

## Factual Background

8. On or about October 22, 2003, defendant LYKE Corporation ("LYKE"), on behalf of itself and its subsidiary defendant Ibom Power, retained Piper Rudnick (the predecessor of Plaintiff DLA Piper) by written representation agreement to represent and advise Ibom Power and LYKE in connection with Ibom Power's plans to develop and finance a 685 MW power plant in the Akwa Ibom State in the Federal Republic of Nigeria. DLA Piper was engaged in connection with the efforts of Ibom Power and the LYK Defendants to seek funding and insurance from OPIC in Washington, D.C., and to make related presentations and submissions to OPIC.

9. All of the defendants are affiliated with interlocking equity ownership and directorates. Defendant LEC is a Nigerian subsidiary of defendant LYKE, which is 100% owned by defendant LYKE. At relevant times, defendant LEC owned 85% of the stock of defendant Ibom Power Company, and the Akwa Ibom State Government of the Federal Republic of Nigeria held the remaining 15% of defendant Ibom Power's stock.

10. At relevant times, defendant Ibom Power acted through the LYK Defendants, LYKE and LEC, and through their officers Peter Lin and Tim Brick. Messrs. Lin and Brick reported to Gareth Wilcox as Managing Director of Ibom Power.

11. The LYK Defendants, LYKE and LEC, at relevant times during which plaintiff DLA Piper performed its services, were the operators of the joint venture agreement with defendant Ibom Power, including in the efforts to develop and seek OPIC financing for the proposed 685 MW power plant in the Akwa Ibom State of Nigeria. The LYK Defendants and their officers Messrs. Peter Lin and Tim Brick were representatives and general agents of defendant Ibom Power; they were invested by Ibom Power with powers of discretion on its behalf, and they exercised judgment in their duties and activities on behalf of their principal, Ibom Power, at relevant times.

12. Plaintiff DLA Piper performed requested legal services for defendants under the representation contract. These services included the law firm's presentations, submissions and attendance of OPIC meetings in Washington, D.C. in the winter of 2003-2004 and the spring of 2004. DLA Piper also performed projects relating to the corporate

reorganization of defendants LYKE and LEC, it reviewed or prepared contracts with various suppliers and lenders of LYKE, LEC and Ibom Power, and worked on obtaining construction financing and political risk insurance backing from OPIC for the Ibom Power plant project.

13. On December 10, 2003, DLA Piper sent defendant LYKE in Pasadena, California its first billing statement on the Ibom Power project, and Nigerian Prince Adekunle Adeyeba on behalf of defendant Ibom Power wired its $50,000 retainer payment to DLA Piper that same date. On December 30, 2003, defendant LYKE made a further $50,000 payment to Plaintiff. Upon information and belief, LYKE's $50,000 payment to Plaintiff was made with the approval and funds provided to it by defendant Ibom Power for which DLA Piper's services were being performed.

14. Defendants received and accepted DLA Piper's services and work product. In the course of its representation, DLA Piper sent defendants nine periodic billing statements that covered the period from October 13, 2003 through July 31, 2004, totaling $205,357.66 in billings. Each DLA Piper statement provided detailed descriptions of the services rendered, hours worked by each attorney, and the expenses incurred by the law firm. In recognition of defendants' obligations to Plaintiff under the representation agreement, defendants Ibom Power and LYKE made payment to plaintiff of $100,000, leaving the outstanding balance of $105,357.66 on the account before interest.

15. Defendant LYKE has acknowledged the balance due on the account and has promised to pay the debt. Defendants' failure to pay the outstanding account balance necessitates this action.

16. Plaintiff reasonably relied to its detriment on the promises and representations of Defendants to pay the outstanding balance on the account. Plaintiff's repeated efforts to obtain payment without litigation have been unsuccessful.

17. Plaintiff provided defendants with a detailed description of services rendered and expenses incurred during each billing period. Defendants did not dispute any part of Plaintiff's billing statements at the time they were sent, and have not disputed plaintiff's statements subsequently.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

18. Plaintiff incorporates the allegations of paragraphs one through 17 as though fully set forth herein.

19. Defendants contracted with plaintiff to provide services in connection with the Ibom Power project.

20. Plaintiff performed legal services under the representation contract.

21. Defendants LYKE and Ibom Power have paid plaintiff DLA Piper $100,000 in legal fees and expenses billed out by DLA Piper on the Ibom Power project,

against DLA Piper's billing statements totaling $205,357.66, leaving an outstanding balance due of $105,357.66 before interest.

22. Defendants did not dispute plaintiff's billing statements.

23. Defendants have breached their representation contract with plaintiff.

24. As a direct and proximate result of defendants' breach of contract, plaintiff has incurred damages in the principal amount of $105,357.66 plus interest.

### SECOND CAUSE OF ACTION: ACCOUNT STATED

25. Plaintiff incorporates the allegations of paragraphs one through 17 as though fully set forth herein.

26. Plaintiff DLA Piper's billings total $205,357.66, against which defendants have made payments of $100,000, leaving the outstanding balance due and payable on defendants' account of $105,357.66. Defendants did not dispute plaintiff's billing statements when they were sent and have not subsequently disputed the statements.

27. Accordingly, plaintiff has accurately stated and transmitted to defendants its account stated, and defendants owe, and are obliged by law to pay to plaintiff jointly and severally, $105,357.66 as account stated and interest at the highest lawful rate in the District of Columbia.

### THIRD CAUSE OF ACTION: QUANTUM MERUIT/UNJUST ENRICHMENT

28. Plaintiff incorporates the allegations of paragraphs one through 17 as though fully set forth herein.

29. By accepting plaintiff DLA Piper's legal services, expenditures and other benefits provided to defendants by plaintiff on the Ibom Power project for the benefit of all defendants, said defendants became obligated to pay for them under the doctrine of *quantum meruit*.

30. By accepting the consulting services and other benefits provided to defendants by plaintiff which they directed plaintiff to perform, and by not paying for them, defendants have been unjustly enriched in the amount of $105,357.66. Plaintiff DLA Piper is entitled to *quantum meruit* recovery from defendants for the reasonable value of its services and expenses incurred on defendants' behalves, plus interest thereon.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DLA Piper demands that judgment be entered as follows:

1. Against defendants on each count, jointly and severally, judgment in the amount of $105,357.66, and pre-judgment interest at the highest lawful rate in the District of Columbia from the date of each of Plaintiff's billing statements through the date of judgment pursuant to D.C. Code § 15-108, and post-judgment interest pursuant to D.C. Code § 15-109.

2. Against defendants, jointly and severally, the costs of this case and reasonable attorneys' fees for this action.

3. Against defendants, such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*/s/ John Umana*

John Umana (D.C. Bar #953182)
Law Office of John Umana
6641 32nd Street, NW
Washington, D.C. 20015
(202) 244-7961
Counsel for Plaintiff

Dated: January 11, 2007

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
DLA Piper US LLP

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   44001
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John Umana, Law Office of John Umana
6641 32nd Street, NW
Washington, DC 20015
202-244-7961

## DEFENDANTS
Ibom Power Co. Ltd., LYKE Corporation and LYK Engineering Company Limited

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   99999
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER  1:07CV00062
JUDGE: Richard W. Roberts
DECK TYPE: Contract
DATE STAMP: 01/11/2007

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF AN...

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ◉ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ◉ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Collection action for breach of contract, account stated and quantum meruit for legal services rendered  28 USC 1332

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 105,357.66   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 1/11/07   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.